AO 442   (Rev. 10/03) Warrant for Arrest

## UNITED STATES DISTRICT COURT

__Middle__ District of __Tennessee__

UNITED STATES OF AMERICA

V.

Doblado Luis Raudales
– aka – Jose Mendosa
DOB:

**07-107-M-01.**

**WARRANT FOR ARREST**

Case Number: 2:01-00008-06  Judge Wiseman

To: The United States Marshal
and any Authorized United States Officer

**FILED**

MAR 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

YOU ARE HEREBY COMMANDED to arrest   Doblado Luis Raudales
                                           Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☒ Order of court   ☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice

charging him or her with (brief description of offense)

See attached Order by Judge Wiseman (Docket Entry No. 260)

in violation of Title __See above__ United States Code, Section(s) _____

Ann E. Schwarz
Name of Issuing Officer

Criminal Supervisor
Title of Issuing Officer

*(signature)* Ann E. Schwarz
Signature of Issuing Officer

2/22/2007        Nashville, TN
Date             Location

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 3/12/07 | Robert T. Hoffmaster | Robert T. Hoffmaster |
| DATE OF ARREST 3/27/07 | Deputy U.S. Marshal | |

PROB 12C

# United States District Court

for  **07 - 107 - M - 01.**

### Middle District of Tennessee

Petition for Warrant or Summons for Offender Under Supervision

**FILED**

Name of Offender: Doblado Luis Raudales          Case Number: 2:01-00008-06

MAR 2 7 2007

Name of Sentencing Judicial Officer: Thomas A. Wiseman, Jr., Senior U.S. District Judge

NANCY MAYER WHITTINGTON, CLERK

Original Offense: 21 U.S.C. § 846 Conspiracy to Possession with Intent to Distribute in Excess of 1000 Kilograms U.S. DISTRICT COURT

of Marijuana

Original Sentence: Time Served; 3 years' Supervised Release

Type of Supervision: Supervised release          Date Supervision Commenced: January 2, 2007

Assistant U.S. Attorney: Jimmie Lynn Ramsaur          Defense Attorney: Richard McGee

---

### PETITIONING THE COURT

■ To issue a Warrant
☐ To issue a Summons

---

THE COURT ORDERS:
☐ No Action
☒ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  February 21, 2007

*/s/ Kenneth P.L.*

Considered this 22nd day of February, 2007
and made a part of the records in the above case.

Supervisory U.S. Probation Officer
Kenneth Parham

Place   Nashville, TN

*/s/ Thomas A. Wiseman Jr.*

Senior U.S. District Judge
Thomas A. Wiseman, Jr.

Case 2:01-cr-00008   Document 260-1   Filed 02/22/2007   Page 1 of 5   Scanned 2-22-07

Petition for Warrant or Summons for                                                    Page 2
Offender Under Supervision

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **New Law Violation:** Mr. Raudales was arrested on January 2, 2007, by Arlington County Police in Arlington, VA, for Possession of Burglary Tools, Price Alter Merchandise Concealment, and Contributing to the Delinquency of a Minor. |
| 2. | **New Law Violation:** Mr. Raudales reentered the United States without the permission of the proper authorities. |
| 3. | **Failure to Report to the U.S. Probation Office:** Mr. Raudales failed to report to the nearest U.S. Probation Office upon his return to this country. |

## DISPOSITIONAL INFORMATION
(The United States Sentencing Commission policy statements are reflected on the attached "Violation Worksheet")

**Custody Status:** Mr. Raudales is currently in custody in Arlington, VA.

**Statutory Provisions:** The offender was originally sentenced for a Class A felony and if revoked, the statutory maximum sentence which the Court may impose is five (5) years, 18 U.S.C. § 3583(e)(3). Supervised release may be imposed in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statement:** Pursuant to U.S.S.G. § 7B1.3(a)(1), upon a finding of a Grade B violation, the court shall revoke supervised release. With a Criminal History Category of I, a Grade B violation results in a guideline range of 4 to 10 months' custody.

**Compliance with Supervision Conditions and Prior Interventions:** Mr. Raudales was deported on November 14, 2002.

This office received information that on January 2, 2007, Mr. Raudales was arrested by Arlington County Police Department in Arlington, VA, under the name of Jose Armando Mendosa. According to the police report, Mr. Raudales and a juvenile by the name of Nelson Javier Portillo-Fuentes, entered Macy's Department Store. The two were observed by Macy's store detectives walking around the store and displaying suspicious behavior. One of the store detective's, Michael Sampson, moved closer to the two suspects to observe what they were doing. Mr. Raudales and the juvenile, took merchandise they selected off of the racks and entered into the fitting room. Raudales cut-off the security tags with pliers he had in his possession. The two were observed putting on the merchandise under their clothes. Both suspects attempted to exit the store and was apprehended by store security and the police were called and they were arrested and taken into custody. Mr. Raudales was charged as noted in violation 1.

Mr. Raudales reentered the United States without the permission of the proper authorities. He failed to report to the U.S. Probation Office upon his return to this country as ordered by the Court.

**Update of Offender Characteristics:** N/A

It is respectfully requested that a warrant be issued for Mr. Raudales.

AUSA Jimmie Lynn Ramsaur was notified and concurs with recommendation.

Page 3

- ☐ The term of supervision should be
- ■ revoked.
    - ☐ extended for _ year(s), for a total term of _ years.

- ☐ To modify the conditions of supervision as follows:

# VIOLATION WORKSHEET

1. **Defendant**: Doblado Luis Raudales
2. **Docket Number** (Year-Sequence-Defendant No.): 2:01-00008-06
3. **District/Office**: Middle District of Tennessee
4. **Original Sentence Date**: 04 / 02 / 2002 (month/day/year)
5. **Original District/Office** (if different than above): ____
6. **Original Docket Number** (Year-Sequence-Defendant No.): ____
7. **List each violation and determine the applicable grade** (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| New Law Violation | B |
| New Law Violation | B |
| Failure to Report to the U.S. Probation Office | C |

8. **Most Serious Grade of Violation** (see §7B1.1(b)): **B**
9. **Criminal History Category** (see §7B1.4(a)): **I**
10. **Range of Imprisonment** (see §7B1.4(a)): **4 to 10 months**

11. **Sentencing Options for Grade B and C Violations Only** (Check the appropriate box):

- [x] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.
- [ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.
- [ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

MAR 12 2007 11:26 FR USMS M-TN    615 736 5322 TO 912027860262    P.06
Case 1:07-mj-00107-JMF    Document 1-2    Filed 03/27/2007    Page 4 of 5

LF021
REV 06/01

LF021
REV 04/01

Defendant  Doblado Luis Raudales

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____    Community Confinement _____

Fine($)       _____    Home Detention        _____

Other         _____    Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002